Mr. Justice Hagner
delivered the opinion of the Court:
The hill in this case was filed by certain persons alleging *494 themselves to be members of a co-partnership, styled “ The Berlitz School of Languages.” It alleged that the firm, on the 26th of June, 1886, entered into a contract with Strack, the defendant, a teacher of foreign languages, by which, for an agreed consideration, he undertook to teach German in their school in Washington from October, 1886, to June 1, 1887, and in the event of his leaving their employment before, at, or after the last-named day, either voluntarily or by dismissal, he bound himself not to teach any foreign language in Washington, Boston, Brooklyn, or New York City, nor within 10 miles from said cities, until June 1, 1889; that the business of said firm is to teach foreign languages ■ according to a certain method, which is their property, and the defendant in said contract bound himself to learn that method and teach languages in accordance with it; it was also agreed that he might leave their employment after a written notice of thirty days, but by the surrender of part of the agreed salary; that he had previously entered into a similar contract which expired on the 1st of June, 1886; that he was retained in their employment under the second contract until September, 1886, when he voluntarily left their employment; that from that time, in disregard of his contract, he has been teaching and is still teaching in Washington, in schools and otherwise, foreign languages according to the Berlitz method or otherwise, and the bill prays for an injunction to prevent him “from teaching foreign languages in the city or within the District of Columbia.”
The defendant answered the bill, and also separately showed cause why the injunction should not issue. The Equity Court, on the 30th of August, 1887, passed an.order enjoining him “from teaching those foreign languages which are described and embraced in the methods of complainants, which is referred to and described in the bill in this case, in the city of Washington during the pendency of this suit.” Testimony was taken, and on the 15th of Feb *495 ruary, 1888, at final hearing, the equity justice passed a decree dissolving the restraining order and dismissing the bill with costs; and further ordering that the cause be referred to the auditor, who was directed to take proof and ascertain and report what damages, if any, the defendant has sustained and suffered by reason of suing out the injunction in this cause, and the cause was retained for the purpose of disposing of this question; and pending the hearing of the cause on appeal, the defendant should be restrained from teaching languages in the District of Columbia, according to the Berlitz method, on plaintiff entering into an undertaking to make good to the defendant all damages by him suffered or sustained by reason of wrongfully and inequitably obtaining this injunction. The appeal from this order was argued here in May last. Justice Bradley was with us in the case, but his engagements in the Criminal Court prevented the case from being disposed of before that term adjourned. Since the commencement of the present term he has been seriously ill, and we have been waiting until we should have the pleasure of seeing him here in renewed health. To render a decision upon the merits of the main question of the controversy is not permissible, because the case is dead, so far as that question is concerned. The 1st day of June, 1889, the limit within which the defendant is charged to have bound himself not to teach, occurred very soon after the argument; and that of itself was one reason why a decision was not hastened, as it was seen no practicable result could flow from such a decision. It is proper, however, to dispose of the remaining feature of the case, and we shall proceed to do so. The defendant insisted that under the contract he was only required to refrain from teaching during the designated period, according to the Berlitz method; and not that he should abandon his right to earn his subsistence by teaching foreign languages in any other method, and he denies that he has used the Berlitz system since he left the school. This construction *496 of the contract, and the questions of fact presented by his defense, are disputed by the complainants, but are not questions that we can at this trial decide, because it would be simply deciding moot questions. He also insists that-he was released from the contract by the complainants before the time fixed for its commencement.
The justice who granted the preliminary injunction, adopted the construction of the contract insisted on by the complainants; namely, that the defendant had bound himself not to teach the languages by any method during the time limited. The justice holding the Equity Court at the final hearing after the testimony had been taken, differed from the opinion of his predecessor, and held that all the contract required was that the defendant should not teach according to the Berlitz method, and although he passed a decree dismissing the bill he indicated that this was his opinion in the last paragraph of the decree. The contention on the part of the defendant was that the contract, even in this view of its meaning, should not be enforced, because it is against public policy to uphold a contract by which, a man binds himself to live in idleness and run the risk of becoming a public charge. This we have said, that we cannot determine in the present condition of the case, although we do not wish to be understood as deciding that a man cannot make a contract that he will not pursue his vocation within reasonable limitations as to time and places. If one, mi juris, makes such a contract, with his eyes open, upon fair consideration, the courts cannot undertake, at his request, to annul it. Courts do not make bargains for men; it may do so for idiots, lunatics, and children, but not for grown children. The decree below retained the cause for the purpose of allowing the auditor to take proof as to what damages the defendant sustained by reason of the suing out of the injunction. This, we think, was correct. The following decree, somewhat modifying the decree below, will be passed by this court:
*497 This cause coming on to be heard was argued by the respective counsel; and the proceedings having been by the court read and considered, it is therefore, this 9th day of .December, 1889, by the court, adjudged, ordered, and decreed thatthecomplainants are not entitled to recover against the defendant for the alleged breach of contract specified in the bill of complaint, and that the relief prayed therein be, and the same is hereby, refused. It is further adjudged, ordered, and decreed that said bill is retained for the purpose specified in the decree of the Equity Court and for no other purpose; and that said decree referring the cause to the Auditor to take proof and report to the court what damage, if any, the defendant has sustained, by reason of the complainants having sued out the injunction, be, and the same is hereby, affirmed; and the cause is remanded to the court below for the purpose of taking such account.